HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RODNEY ANGLIN, Successor Trustee of the J. & J. Anglin Family Trust, RODNEY D. ANGLIN, Individually, RICHARD D. ANGLIN and MICHAEL W. ANGLIN,<br><br>Plaintiffs,<br><br>vs.<br>DAVOL,INC., C.R. BARD, INC., SUTTER HEALTH, SUTTER HEALTH SACRAMENTO SIERRA REGION, SUTTER MEDICAL CENTER SACRAMENTO, SUTTER GENERAL HOSPITAL, SUTTER MEDICAL GROUP A CALIFORNIA CORPORATION, SUTTER WEST MEDICAL GROUP, MARION LEFF, M.D., JOYCE A. EAKER, M.D. and DOES 1 through 10, inclusive,<br><br>Defendants. | No.<br><br>**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.S NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard") hereby remove the above-captioned action from the Superior Court of Sacramento County, California, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. On or about October 9, 2007, this action was filed in the Superior Court for Sacramento County, California.

2. Davol and Bard were served with the Complaint on October 24, 2007. Neither Davol nor Bard has answered Plaintiffs' Complaint.

3. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Davol and Bard (including Plaintiffs' Complaint) is attached as Exhibit A.

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the Superior Court of Sacramento County, California, where Plaintiffs' Complaint is pending. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol or Bard, through service, of Plaintiffs' Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Davol and Bard are filing a written notice of this removal with the clerk of the Superior Court for Sacramento County, California, where Plaintiffs' Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Davol and Bard, the only properly joined defendants. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

7. Plaintiffs' claims meet the jurisdictional requirement of 28 U.S.C. § 1332.

8. A defendant can establish the amount in controversy by the allegations in a complaint or by setting forth facts in the notice of removal that demonstrate that the amount in controversy exceeds $75,000. Gaus v. Miles, 980 F.2d 564, 576 (9th Cir. 1992). Here, Plaintiffs' claims against Defendants sound in product liability and seek recovery for the wrongful death of decedent, Jean Anglin, allegedly caused by a defective medical device, a Composix® Kugel® hernia repair patch. (Compl. ¶ 74 (claiming the medical device was a "substantial cause and contributing factor" in Ms. Anglin's July 13, 2006 death)). Further, Plaintiffs make a claim for punitive damages due to Bard's and Davol's "displayed conscious disregard for public safety." (Compl. ¶ 99) Given the above, the amount-in-controversy requirement is met here, because Plaintiffs' Complaint makes it "facially apparent that the claims are likely above" the requisite amount-in-controversy. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); see also Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (citing Allen v. R & H Oil & Gas Co., supra). Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." In re Rezulin Prods. Liab. Litig., 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

9. In fact, other plaintiffs have brought other actions against Davol and Bard making similar allegations as the ones expressed here pleading an amount-in-controversy in excess of $75,000. See, e.g., Poston v. Davol Inc., et al., No. 2:07-cv-00032 (E.D. Cal.) (alleging damages "in the amount of $1,000,000,000"; plaintiff subsequently indicated there had been a clerical error, and the intended allegation was $1,000,000) (Ex. B); see also In re Rezulin Prods. Liab. Litig., 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry).

**B. The Parties Properly Joined In This Action Are Completely Diverse**

10. Plaintiffs are residents and citizens of California. (See Compl. ¶¶ 2-4.)

11. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states, and not California. See 28 U.S.C. § 1332(c)(1).

12. Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey, and not California. See 28 U.S.C. § 1332(c)(1).

13. The naming of fictitious defendants, namely Does 1 through 10, is disregarded in making determinations regarding removal. See 28 U.S.C. § 1441(a).

**C. Sutter Health's And The Doctor Defendants' Consent To This Removal Is Not Needed.**

14. As set forth more fully below, Sutter Health[1] and Drs. Leff and Eaker are not proper parties to this suit, and therefore their consent to this removal is unnecessary. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the general rule requiring consent to removal "applies . . . only to defendants properly joined and served in the action") (emphasis added).

**D. The Healthcare Defendants Are Fraudulently Joined, And Their Citizenship Should Be Disregarded For Purposes of Jurisdictional Analysis**

15. A defendant may prove fraudulent joinder by showing that a plaintiff fails to state a cause of action against the non-diverse defendant and that "the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The removing defendant may present facts – including documentary evidence and affidavits – to support a claim of fraudulent joinder. See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

---

[1] This includes Sutter Health, Sutter Health Sacramento Sierra Region, Sutter Medical Center Sacramento, Sutter General Hospital, Sutter Medical Group, Sutter West Medical Group.

16. Plaintiffs' claims against Sutter Health and Drs. Leff and Eaker ("Healthcare Defendants") are barred by limitations. California law requires that a wrongful death action against a health care provider based on medical negligence "be brought . . . one year after the plaintiff discovers, or through reasonable diligence should have discovered, the injury, whichever occurs first." Cal. Code Civ. Proc. § 340.5; see Knowles v. Superior Court (2004) 118 Cal. App. 4th 1290, 1295 (holding that wrongful death claims were barred by statute of limitations when plaintiffs discovered claims more than one year before filing suit). Discovery of injury occurred, at the latest, on July 13, 2006 when Jean Anglin died of "infection from a defective Patch." (Compl. ¶ 32.) Rather than bringing the lawsuit by July 13, 2007, Plaintiffs waited almost 15 months to bring a lawsuit against the Healthcare Defendants even though the entire predicate of their claims were known or reasonably discoverable at the time of Ms. Anglin's death. Such lack of diligence forestalls their causes of action.

17. Plaintiffs' fraud claims against the Healthcare Defendants are based on the accusation that the physician and hospital intentionally withheld from Ms. Anglin the information from the December 27, 2005 product recall. (Compl. ¶¶ 166, 187.) Given these facts, Plaintiffs have failed to make out a prima facie case of fraudulent concealment. Specifically, Plaintiffs cannot establish as a matter of law that any omission on the part of the Healthcare Defendants would have caused Ms. Anglin to undergo any different treatment other than the course of treatment she in fact underwent. Any statement to contrary is pure supposition and conjecture on the part of the Plaintiffs.

### D. The Healthcare Defendants Are Fraudulently Joined, And Their Citizenship Should Be Disregarded For Purposes of Jurisdictional Analysis

18. The doctrine of misjoinder, applied through Rules 20 and 21 of the Federal Rules of Civil Procedure, permits the Court "to sever claims where the [plaintiff's] joinder [of parties and claims] is procedurally inappropriate and clearly accomplishes no other objective than the manipulation of the forum, and where the

rights of the parties and interest of justice is best served by severance." Greene v. Wyeth, 344 F. Supp. 2d 674, 685 (D. Nev. 2004). "[W]here the non-diverse party cannot be properly joined under the Federal Rules of Civil Procedure, other interests prevail over that of permitting a plaintiff's choice of forum." Id.

19. The Healthcare Defendants are misjoined as parties here, and should be severed from this action to sustain this Court's diversity jurisdiction, because Plaintiffs' claims against them do not arise from the same transaction or occurrence as Plaintiffs' claims against Davol and Bard. See In Re Guidant Defibrillators Product Liability Litigation, Case No. 0:05-md-01708 (D. Minn. August 30, 2007) (denying plaintiff's motion to remand case back to Superior Court of Santa Clara County, California and severing the claim against physician from claims against medical device manufacturer) (Ex. C); see also Crockett v. R.J. Reyonlds Tobacco Co., 436 F.3d 529, 533 (5th Cir. 2006) (severing medical malpractice claim against health care provider defendants from product liability claims against product manufacturer); In re Rezulin Prods. Liab. Litig., 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001) (finding, inter alia, that plaintiff's "additional claims against the health care provider for negligent administration of [the drug] after its withdrawal from the market do not arise out of the same transaction or occurrence as the claims against the drug manufacturer for negligent marketing and distribution and failure to warn").

20. The allegations included in the Complaint against Bard and Davol are legally and factually distinct from the allegations against the Healthcare Defendants.

21. The eight claims against Bard and Davol involve three counts of strict products liability, fraudulent concealment, fraud, unfair competition, false advertising, and breach of warranty. (See Compl.) Plaintiffs assert a medical negligence/wrongful death claim and fraud claim the Healthcare Defendants. (Id.) The essence of the claims against Bard and Davol arise from the design, testing, and manufacture of the Composix® Kugel® Patch before it was implanted in Ms. Anglin.

In contrast, the basis for the claims against the Healthcare Defendants arise from their negligent or fraudulent failure as health care providers to give warnings of a voluntary product recall to Ms. Anglin. Therefore, the evidence on the claims against the manufacturers and health care providers will be separate – manufacturer-specific evidence involving the design, testing, and manufacture of the Patch on one hand and health care provider-specific evidence regarding Plaintiffs' treatment and health care providers' response to recall warnings on the other. See Crockett, 436 F.3d at 533. This fact encourages the severance of the claims.

22. Because Plaintiffs' claims against the Healthcare Defendants are separate and severable from the claims against Bard and Davol, this Court has the discretion to grant remand with regard to the Healthcare Defendants, but to retain jurisdiction over the claims against Bard and Davol.

23. The presence of Bard or Davol is not necessary in order for Plaintiff to effectively try its case in any potential lawsuit against the Healthcare Defendants. As such, the claims presented against the non-diverse Healthcare Defendants and Bard and Davol are improperly misjoined.

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Superior Court of Sacramento County, California, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

opportunity to provide briefing and oral argument.

Dated: November 21, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendant DAVOL INC. and defendant C. R. BARD, INC.

**DEMAND FOR JURY TRIAL**

Defendants Davol Inc. and C.R. Bard, Inc. hereby demand that this action and all issues present be tried by a jury.

Dated: November 21, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendant DAVOL INC. and defendant C.R. BARD, INC.

## PROOF OF SERVICE

**Case Name:** **Rodney D. Anglin, Successor Trustee of the J.&J. Anglin Family Trust et al. vs. Davol Inc., C.R. Bard, Inc. et al.**

**Court:** **United States District Court**
**Eastern District of California**

**Case No.:**

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On **November 21, 2007**, I served the following documents:

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL**

4. I served the documents on the **persons** below as follows:

Darrin W. Mercier, Esq.
Thomas J. Linville, Esq.
Law Office of Darrin W. Mercier
409 West Center Street
Yreka, CA 96097

Matthew R. Eason, Esq.
Eason & Tambornini
1819 K. Street, Suite 200
Sacramento, CA 95814

5. The documents were served by the following means (specify):

____ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was __________.

**X** **By United States mail.** I enclosed the documents in a sealed envelope or

package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

____ **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: **November 21, 2007**

Esther Hom