# EXHIBIT B

Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466

Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

FILED/ENDORSED
NOV 15 2006
By L. GUTIERREZ
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

| | |
|---|---|
| DANIEL POSTON and DARLINE POSTON,<br>Plaintiffs,<br>vs.<br>DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,<br>Defendants. | CASE NO: 06AS04935<br>**COMPLAINT - PRODUCT LIABILITY** |

Plaintiffs DANIEL POSTON and DARLINE POSTON alleges against defendants DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, and each of them, as follows:

**PARTIES AND JURISDICTION**

1. Plaintiffs DANIEL POSTON and DARLINE POSTON are and were at all times relevant hereto residents of the State of California, County of Sacramento.

2. Plaintiffs are informed and believe, and thereon allege, defendant DAVOL, INC. (hereinafter "DAVOL") is a Delaware Corporation which provides medical supplies and instruments to medical providers throughout the United States, including California, and the Sacramento area, and has an agent for service of process in Los Angeles, California.

3. Plaintiffs are informed and believe, and thereon allege, defendant DAVOL, and ROES 11 through 20, manufactured, designed, marketed and provided the surgical mesh utilized

during the procedure in question, a hernia surgery, performed on Plaintiff DANIEL POSTON in or about June 2005.

4. Plaintiff DANIEL POSTON suffered complications following his hernia surgery, and was eventually informed, in August 2006, that the mesh utilized in his prior surgery had been recalled.

5. Plaintiff DANIEL POSTON was forced to undergo a subsequent procedure, in November 2006, during which the recalled mesh was removed.

6. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, each of said Defendants was the agent and employee of each of the remaining Defendants and in doing each of the things alleged herein was acting within the course and scope of said agency and employment.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 10 and ROES 11 through 20 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as "DOE" or "ROE" are legally responsible in some manner for the events and happenings herein referred to, and legally caused injuries and damages to Plaintiffs, as herein alleged. Plaintiffs will seek leave to insert the true names of said Defendants herein when they are ascertained.

**<u>FIRST CAUSE OF ACTION</u>**

**Negligence**

**(Defendant DAVOL, INC.)**

8. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-7, as though fully set forth herein.

9. That at all times herein mentioned, Defendant DAVOL and ROES 11 through 20, and each of them, negligently and carelessly researched, designed, manufactured, inspected, marketed, warranted, and advertised the surgical mesh utilized during the surgery in question, and that Defendants negligently and carelessly allowed the product to be sold, used and consumed by the general public. The product in question was unfit for its intended use inasmuch

as it caused personal injuries to the user and consumer when used in a manner reasonably foreseeable.

10. At all times mentioned herein, Defendant DAVOL and ROES 11 through 20, and each of them, knew or in the exercise of reasonable care should have known, that the product was of such a danger that it was likely to injure persons who used it.

11. At all times herein mentioned, Defendant DAVOL and ROES 11 through 20, and each of them, had a duty to properly research, design, manufacture, inspect, market, warrant and advertise the product and that Defendant DAVOL and ROES 11 through 20, and each of them, breached that duty to the general public and, in particular, to Plaintiff DANIEL POSTON.

12. Because of the negligence of Defendants DAVOL and ROES 11 through 20, and each of them, in the research, manufacture, inspection, marketing, warranting, and advertising the product, Plaintiff DANIEL POSTON sustained personal injuries.

13. As a legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON sustained injuries which have caused and continue to cause him mental, emotional and physical pain and suffering. Plaintiff DANIEL POSTON alleges that said injuries will result in some permanent disability, resulting in general damages in an amount in excess of the jurisdictional limits of this court.

14. As a further legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON was required to employ health care providers to treat and care for him. Plaintiffs have incurred medical expenses, the amount of which is presently unknown and said expenses are continuing to occur and, when finally determined, will ask leave of the Court to assert such damages.

**SECOND CAUSE OF ACTION**

**Loss of Consortium**

**(Defendant DAVOL, INC.)**

15. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-14, as though fully set forth herein.

///

16. At all times herein mentioned, Plaintiff DARLINE POSTON was the wife of Plaintiff DANIEL POSTON. As a further direct and legal result of the negligence and carelessness of Defendants, and each of them, Plaintiff DARLINE POSTON has been deprived of the care, comfort, companionship, society, and consortium of her husband, all to Plaintiff DARLINE POSTON's damages in excess of the jurisdictional minimum of this court.

**THIRD CAUSE OF ACTION**

**Strict Liability**

**(Defendant DAVOL, INC.)**

17. Plaintiffs refer to and herein incorporates the preceding paragraphs 1-16, as though fully set forth herein.

18. That at all times herein mentioned, Defendants DAVOL and ROES 11 through 20, and each of them, researched, designed, manufactured, inspected, marketed, warranted, and advertised the surgical mesh, which contained design, manufacturing and warning defects capable of causing personal injuries to the user and consumer while being used in a reasonably foreseeable manner. The aforementioned conduct rendered the product unsafe and dangerous for use by consumers, including Plaintiff DANIEL POSTON.

19. Defendants, and each of them, knew that the product was to be used without inspection for defects by Plaintiff DANIEL POSTON.

20. At all material times, the product hereinabove described was unsafe for its intended use by consumers by reason of defects in its manufacture and design rendering it unreasonably dangerous to foreseeable users.

21. Plaintiff DANIEL POSTON alleges that the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, in designing and manufacturing the product in question was the legal cause of his injuries and damages.

22. As a legal result of the conduct of Defendants DAVOL and ROES 11 through 20, and each of them, Plaintiff DANIEL POSTON sustained injuries which have caused and continue to cause him mental, emotional and physical pain and suffering. Plaintiff DANIEL

POSTON alleges that said injuries will result in some permanent disability, resulting in general damages in an amount in excess of the jurisdictional limits of this court.

**PRAYER**

WHEREFORE, Plaintiffs' pray for judgment against Defendants DAVOL, INC., DOES 1 through 10 and ROES 11 through 20, and each of them, as follows:

1. For general damages in an amount exceeding the jurisdictional minimum of this court;
2. For all medical and incidental expenses, according to proof;
3. For Plaintiff DARLINE POSTON's loss of consortium;
4. For lost earnings and earning capacity, according to proof;
5. For pre-judgment interest;
6. For costs of suit incurred herein; and,
7. For such other and further relief as the court deems just and proper.

Dated: November 10, 2006

THOMAS MINDER & ASSOCIATES

By____________________
Jonathan Saul
Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

Thomas Minder, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
THOMAS MINDER & ASSOCIATES
2151 River Plaza Drive, Suite 290
Sacramento, California 95833
Telephone: (916) 929-4400
Facsimile: (916) 929-4466

Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SACRAMENTO

| | |
|---|---|
| DANIEL POSTON and DARLINE POSTON,<br>Plaintiffs,<br>vs.<br>DAVOL, INC., and DOES 1 through 10 and ROES 11 through 20, inclusive,<br>Defendants. | CASE NO: 06AS04935<br>**STATEMENT OF DAMAGES** |

Comes now Plaintiff, DANIEL POSTON, and provides his Statement of Damages as follows:

1. Plaintiff will claim his reasonable and necessary medical expenses according to proof at the time of trial;

2. Plaintiff will claim general damages to compensate him for the pain, suffering, fear, anxiety, embarrassment and emotional distress which this incident has caused in the amount of $1,000,000,000.

Dated: November 20, 2006

**THOMAS MINDER & ASSOCIATES**

By________________________
Jonathan Saul
Attorney for Plaintiffs
DANIEL POSTON and DARLINE POSTON