HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
DAVOL INC. and C.R. BARD, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| RODNEY ANGLIN, Successor Trustee of the J. & J. Anglin Family Trust, RODNEY D. ANGLIN, Individually, RICHARD D. ANGLIN and MICHAEL W. ANGLIN,<br><br>Plaintiffs,<br><br>vs.<br>DAVOL,INC., C.R. BARD, INC., SUTTER HEALTH, SUTTER HEALTH SACRAMENTO SIERRA REGION, SUTTER MEDICAL CENTER SACRAMENTO, SUTTER GENERAL HOSPITAL, SUTTER MEDICAL GROUP A CALIFORNIA CORPORATION, SUTTER WEST MEDICAL GROUP, MARION LEFF, M.D., JOYCE A. EAKER, M.D. and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:07-CV-02516-WBS-EFB<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.** |

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

///

///

## GENERAL ALLEGATIONS

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. Paragraph 3 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore deny the same.

4. Paragraph 4 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore deny the same.

5. Paragraph 5 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore deny the same.

///

///

6. The allegations in Paragraph 6 are not directed at Bard and therefore no response is required. Davol admits it is organized under the laws of Delaware. Davol denies the remaining allegations.

7. The allegations in Paragraph 7 are not directed at Davol and therefore no response is required. Bard admits it is organized under the laws of the State of New Jersey, with its principal place of business in New Jersey. Bard further admits that Davol is its subsidiary.

8. The allegations in Paragraph 8 refer to fictitious parties to which no response is required. To the extent the allegations in Paragraph 8 refer to Defendants, Defendants state any allegations are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

9. Paragraph 9 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. Paragraph 10 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore deny the same.

11. Paragraph 11 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore deny the same.

12. Paragraph 12 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore deny the same.

13. Paragraph 13 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore deny the same.

14. Paragraph 14 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Paragraph 15 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. Paragraph 16 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17. Paragraph 17 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore deny the same.

18. Paragraph 18 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore deny the same.

19. Paragraph 19 of the Complaint contains allegations regarding fictitious parties to which no response is required. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore deny the same.

20. The allegations in Paragraph 20 of the Complaint are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 20 of the Complaint.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore deny the same.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore deny the same.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore deny the same.

24. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Answering further, Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as "there is a reasonable chance that the product will cause serious health problems or death." Defendants deny the remaining allegations.

25. Davol admits that on or about December 28, 2005, voluntary recall notices were sent to various healthcare providers. Answering further, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore deny the same.

26. Davol admits that on or about March 24, 2006, voluntary recall notices were sent to various healthcare providers. Answering further, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore deny the same.

27. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in early 2007 but deny that any such voluntary recall occurred in April 2006. Defendants further state these products have since been returned to the market with FDA approval.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore deny the same.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore deny the same.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore deny the same.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore deny the same.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore deny the same.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore deny the same.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore deny the same.

35. Defendants admit that Davol designed, sold, distributed, and at certain times conducted limited manufacturing of the Composix® Kugel® Hernia Patches for use by prescribing physician in accordance with its labeling information.

Davol does not know what is meant by "testing," "promoting," "advertising," beyond the meanings of designing and distributing, which have already been admitted. Davol therefore denies these allegations, and any remaining allegations. Bard denies each and every allegation.

36. Davol does not know what is meant by "widely marketed" and therefore deny the same, but does admit that it marketed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its labeling information. Bard denies the allegations.

37. Defendants deny these allegations.

38. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of fistulae formation, bowel adherence, and bowel perforation. As to the remaining allegations, Davol states these are conclusions of law to which no response is required or Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations. Davol therefore denies these allegations. Bard denies each and every allegation not previously addressed.

39. To the extent the allegations are directed toward Bard, Bard denies them. Davol admits that its March 24, 2006 "Dear Healthcare Professional" letter alluded to in Paragraph 39 speaks for itself. To the extent any material allegations are made, Davol denies them.

40. The FDA Warning Letter referenced in Paragraph 40 speaks for itself. To the extent any allegations are made, Defendants deny the allegations.

41. The FDA Warning Letter referenced in Paragraph 41 speaks for itself. To the extent any allegations are made, Defendants deny the allegations.

42. The FDA Warning Letter referenced in Paragraph 42 speaks for itself. To the extent any allegations are made, Defendants deny the allegations. As to the remaining allegations, Defendants deny the allegations.

43. The FDA Warning Letter referenced in Paragraph 43 speaks for itself. To the extent any allegations are made, Defendants deny the allegations. As to the remaining allegations, Defendants deny the allegations.

44. The FDA Warning Letter referenced in Paragraph 44 speaks for itself. To the extent any allegations are made, Defendants deny the allegations.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. The allegations in Paragraph 46 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

47. The allegations in Paragraph 47 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

49. The allegations in Paragraph 49 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

50. The allegations in Paragraph 50 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny the same.

51. The allegations in Paragraph 51 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny the same.

52. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and therefore deny the same.

53. The allegations in Paragraph 53 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny the same.

54. The allegations in Paragraph 54 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny the same.

55. Davol admits that on or about December 28, 2005, March 24, 2006, and January 11, 2007 voluntary recall notices were sent to various healthcare providers. Answering further, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 55 and therefore deny the same.

56. The allegations in Paragraph 56 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and therefore deny the same.

57. The allegations in Paragraph 57 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and therefore deny the same.

58. The allegations in Paragraph 58 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny the same.

59. The allegations in Paragraph 59 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a

response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny the same.

60. The allegations in Paragraph 60 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 and therefore deny the same.

61. The allegations in Paragraph 61 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 and therefore deny the same.

62. The allegations in Paragraph 62 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and therefore deny the same.

63. The allegations in Paragraph 63 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 and therefore deny the same.

64. The allegations in Paragraph 64 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 and therefore deny the same.

65. The allegations in Paragraph 65 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 and therefore deny the same.

66. The allegations in Paragraph 66 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a

response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and therefore deny the same.

67. The allegations in Paragraph 67 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 and therefore deny the same.

68. The allegations in Paragraph 68 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 and therefore deny the same.

69. The allegations in Paragraph 69 of the Complaint are directed at parties other than Bard and Davol to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 and therefore deny the same.

## FIRST CAUSE OF ACTION
**(Strict Products Liability – Manufacturing Defect – Failure to Warn)**

70. In response to Paragraph 70 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

72. Defendants admit that Davol designed, sold, distributed, and at certain times conducted limited manufacturing of the Composix® Kugel® Hernia Patches for use by prescribing physician in accordance with its labeling information. Davol does not know what is meant by "testing," "promoting," "advertising," beyond the meanings of designing and distributing, which have already been admitted. Davol

therefore denies these allegations, and any remaining allegations. Bard denies each and every allegation.

73. The allegations in Paragraph 73 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

74. The allegations in Paragraph 74 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

75. The allegations in Paragraph 75 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

76. The allegations in Paragraph 76 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

77. The allegations in Paragraph 77 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

78. The allegations in Paragraph 78 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

79. The allegations in Paragraph 79 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

80. The allegations in Paragraph 80 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

///

///

**SECOND CAUSE OF ACTION**
**(Strict Products Liability-Design Defect-Product Defendants)**

81. In response to Paragraph 81 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

82. Defendants admit that Davol designed, sold, distributed, and at certain times conducted limited manufacturing of the Composix® Kugel® Hernia Patches for use by prescribing physician in accordance with its labeling information. Davol does not know what is meant by "testing," "promoting," "advertising," beyond the meanings of designing and distributing, which have already been admitted. Davol therefore denies these allegations, and any remaining allegations. Bard denies each and every allegation.

83. The allegations in Paragraph 83 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

84. The allegations in Paragraph 84 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

85. The allegations in Paragraph 85 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

86. The allegations in Paragraph 86 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

87. The allegations in Paragraph 87 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

///

88. The allegations in Paragraph 88 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

89. The allegations in Paragraph 89 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

90. The allegations in Paragraph 90 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

91. The allegations in Paragraph 91 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

**THIRD CAUSE OF ACTION**
**(Strict Products Liability – Failure to Warn – Product Defendants)**

92. In response to Paragraph 92 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

93. Defendants admit that Davol designed, sold, distributed, and at certain times conducted limited manufacturing of the Composix® Kugel® Hernia Patches for use by prescribing physician in accordance with its labeling information. Davol does not know what is meant by "testing," "promoting," "advertising," beyond the meanings of designing and distributing, which have already been admitted. Davol therefore denies these allegations, and any remaining allegations. Bard denies each and every allegation.

94. The allegations in Paragraph 94 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

///

95. The allegations in Paragraph 95 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

96. The allegations in Paragraph 96 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

97. The allegations in Paragraph 97 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

98. The allegations in Paragraph 98 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

99. The allegations in Paragraph 99 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

100. The allegations in Paragraph 100 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

101. The allegations in Paragraph 101 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

102. The allegations in Paragraph 102 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

103. The allegations in Paragraph 103 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

///

104. The allegations in Paragraph 104 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FOURTH CAUSE OF ACTION**
**(Fraud (Concealment) – Product Defendants)**

105. In response to Paragraph 105 of the Complaint, Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1 through 102 of the Complaint.

106. The allegations in Paragraph 106 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

107. The allegations in Paragraph 107 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

108. The allegations in Paragraph 108 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

109. The allegations in Paragraph 109 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

110. The allegations in Paragraph 110 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

111. The allegations in Paragraph 111 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

112. The allegations in Paragraph 112 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

113. The allegations in Paragraph 113 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

114. The allegations in Paragraph 114 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

115. The allegations in Paragraph 115 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

116. The allegations in Paragraph 116 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

117. The allegations in Paragraph 117 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

118. The allegations in Paragraph 118 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

119. The allegations in Paragraph 119 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FIFTH CAUSE OF ACTION**
**(Fraud – Product Defendants)**

120. In response to Paragraph 120 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

121. The allegations in Paragraph 121 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

///

122. The allegations in Paragraph 122 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

123. The allegations in Paragraph 123 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

124. The allegations in Paragraph 124 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

125. The allegations in Paragraph 125 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

126. The allegations in Paragraph 126 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

127. The allegations in Paragraph 127 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

128. The allegations in Paragraph 128 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

129. The allegations in Paragraph 129 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

130. The allegations in Paragraph 130 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

///

131. The allegations in Paragraph 131 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

132. The allegations in Paragraph 132 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**SIXTH CAUSE OF ACTION**
**(Unfair Competition, Cal. Bus. And Prof. Code § 17200–Product Defendants)**

133. In response to Paragraph 133 of the Complaint, Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 130 of the Complaint.

134. In response to Paragraph 134 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

135. In response to Paragraph 135 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

136. In response to Paragraph 136 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

137. In response to Paragraph 137 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

**SEVENTH CAUSE OF ACTION**
**(False Advertising, Cal. Bus. & Prof. Code § 17500-Product Defendants)**

138. In response to Paragraph 138 of the Complaint, Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 136 of the Complaint.

139. The allegations in Paragraph 139 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

140. The allegations in Paragraph 140 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

141. The allegations in Paragraph 141 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

142. The allegations in Paragraph 142 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

143. The allegations in Paragraph 143 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**EIGHTH CAUSE OF ACTION**
**(Breach of Warranty – Merchantability – Product Defendants)**

144. In response to Paragraph 144 of the Complaint, Defendants incorporate by reference their responses to the allegations in Paragraphs 1 through 69 of the Complaint.

145. The allegations in Paragraph 145 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

146. The allegations in Paragraph 146 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

/ / /

/ / /

147. The allegations in Paragraph 147 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

148. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

149. The allegations in Paragraph 149 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

150. The allegations in Paragraph 150 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**NINTH CAUSE OF ACTION**
**(Medicine Negligence / Wrongful Death – Hospital Defendants)**

151. In response to Paragraph 151 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 69 of the Complaint.

152. Paragraph 152 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 152 and therefore deny the same.

153. Paragraph 153 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 153 and therefore deny the same.

154. Paragraph 154 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154 and therefore deny the same.

155. Defendants admit that a limited, voluntary recall of certain lot numbers of the Composix® Kugel® Extra Large Hernia Patch occurred in 2005. Defendants further admit that Davol, on or about December 28, 2005, sent voluntary recall notices to various healthcare providers. Answering further, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 155 and therefore deny the same.

156. Paragraph 156 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 156 and therefore deny the same.

157. Paragraph 157 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 157 and therefore deny the same.

158. Paragraph 158 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 158 and therefore deny the same.

159. Paragraph 159 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 159 and therefore deny the same.

160. Paragraph 160 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 160 and therefore deny the same.

161. Paragraph 161 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required,

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 161 and therefore deny the same.

162. Paragraph 162 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 162 and therefore deny the same.

163. Paragraph 163 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 163 and therefore deny the same.

164. Paragraph 164 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 164 and therefore deny the same.

## TENTH CAUSE OF ACTION
**(Fraud – Hospital Defendants)**

165. In response to Paragraph 165 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 69 of the Complaint.

166. Defendants admit that a limited, voluntary recall of certain lot numbers of the Composix® Kugel® Extra Large Hernia Patch occurred in 2005. Defendants further admit that Davol, on or about December 28, 2005, sent voluntary recall notices to various healthcare providers. Answering further, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 166 and therefore deny the same.

167. Paragraph 167 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 167 and therefore deny the same.

168. Paragraph 168 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 168 and therefore deny the same.

169. Paragraph 169 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 169 and therefore deny the same.

170. Paragraph 170 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 170 and therefore deny the same.

171. Paragraph 171 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 171 and therefore deny the same.

**ELEVENTH CAUSE OF ACTION**
**(Medical Negligence /Wrongful Death – Physician Defendants)**

172. In response to Paragraph 172 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 67 of the Complaint.

173. Paragraph 173 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 173 and therefore deny the same.

174. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 174 and therefore deny the same.

175. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 175 and therefore deny the same.

176. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 176 and therefore deny the same.

177. Paragraph 177 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 177 and therefore deny the same.

178. Paragraph 178 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 178 and therefore deny the same.

179. Paragraph 179 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 179 and therefore deny the same.

180. Paragraph 180 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 180 and therefore deny the same.

181. Paragraph 181 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 181 and therefore deny the same.

182. Paragraph 182 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 182 and therefore deny the same.

183. Paragraph 183 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required,

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 183 and therefore deny the same.

184. Paragraph 184 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 184 and therefore deny the same.

185. Paragraph 185 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 185 and therefore deny the same.

**TWELTH CAUSE OF ACTION**
**(Fraud – Physician Defendants)**

186. In response to Paragraph 186 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 69 of the Complaint.

187. Defendants admit that a limited, voluntary recall of certain lot numbers of the Composix® Kugel® Extra Large Hernia Patch occurred in 2005. Defendants further admit that Davol, on or about December 28, 2005, sent voluntary recall notices to various healthcare providers. Answering further, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 187 and therefore deny the same.

188. Paragraph 188 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 188 and therefore deny the same.

189. Paragraph 189 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 189 and therefore deny the same.

190. Paragraph 190 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 190 and therefore deny the same.

191. Paragraph 191 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 191 and therefore deny the same.

192. Paragraph 192 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 192 and therefore deny the same.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiffs' Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

7. Plaintiffs' claims are barred, in whole or in part, for her failure to provide Defendants with timely notice of her claims as required by the California Uniform Commercial Code.

8. Plaintiffs' or her agents' including her physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

9. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

11. If Plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

12. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

13. The learned intermediary doctrine bars Plaintiffs' claims.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable

in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

18. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Daly v. General Motors Corp., 20 Cal.3d 725 (1978)), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party or any person or entity, including the Plaintiffs and any party, person, or entity who has settled with the Plaintiffs. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiffs from any source whatsoever with respect to the injuries and damages at issue in this suit.

19. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

///

20. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

21. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

22. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to them.

23. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

24. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

25. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

26. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

27. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

28. The applicable state and federal law, including State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and

related provisions of the United States Constitution, as well as the applicable due process guarantees of the California Constitution.

29. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the California Constitution.

30. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under California and/or other applicable laws.

31. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

32. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than California.

33. Plaintiffs' purported cause of action for alleged strict liability is barred by virtue of the ruling of the California Supreme Court in Brown v. Superior Court (1988) 44 Cal.3d 1049, and its progeny.

34. There was no detrimental reliance on any representations of Defendants, if any there were.

35. Plaintiffs are not proper parties and lack standing to assert the purported claims set forth in the Complaint.

36. Any and all representations of Defendants were, by their nature, not actionable.

37. Any and all conduct by Defendants was justified, reasonable and appropriate.

38. Any practices by Defendants are not unlawful in that Defendants have complied with all applicable statutes, ordinances or other laws.

39. Any practices by Defendants are not unlawful in that Defendants have substantially complied with all applicable statutes, ordinances or other laws.

40. Plaintiffs are estopped from alleging any cause of action against Defendants in that Defendants relied upon regulatory approval for any practices.

41. Any practices by Defendants are not unfair; any such practices have utility and value that outweigh any potential harm in that they are valuable, practical, fair, nondeceptive and useful to Defendants' operations.

42. Any practices by Defendants are not fraudulent and were not likely to mislead the public in any material respect.

43. Plaintiffs and members of the general public had reasonably available an alternative source of supply from which to obtain any goods or services provided and freely consented to any goods or services provided and, as such, the Complaint fails to state a cause of action for unfair business practices.

44. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with

///

///

///

///

///

prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

Dated: November 28, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendant DAVOL INC. and defendant C. R. BARD, INC

# PROOF OF SERVICE

**Case Name:** **Rodney D. Anglin, Successor Trustee of the J.&J. Anglin Family Trust et al. vs. Davol Inc., C.R. Bard, Inc. et al.**

**Court:** **United States District Court**
**Eastern District of California**

**Case No.:** **2:07-CV-02516-WBS-EFB**

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On **November 28, 2007**, I served the following documents:

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

4. I served the documents on the **persons** below as follows:

Darrin W. Mercier, Esq.
Thomas J. Linville, Esq.
Law Office of Darrin W. Mercier
409 West Center Street
Yreka, CA 96097

Matthew R. Eason, Esq.
Eason & Tambornini
1819 K. Street, Suite 200
Sacramento, CA 95814

5. The documents were served by the following means (specify):

____ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was __________.

_X__ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

____ **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: **November 28, 2007**

Esther Hom

Esther Hom